IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Ricky L. Dotson,                              Case No. 3:14 CV 1830

              Plaintiff,            MEMORANDUM OPINION
                                  AND ORDER

   -vs-
                                       JUDGE JACK ZOUHARY

Judge James Bates, *et al.*,

              Defendants.

Pro se Plaintiff Ricky Dotson filed this civil rights action against Lucas County Court of Common Pleas Judge James Bates, Northwest Ohio Psychiatric Hospital ("NOPH"), and the State of Ohio. (The Complaint's identification of parties notes "Lucas County" as a party, but the Complaint's Statement of Claim refers only to the State of Ohio.) In September 2014, Dotson paid the filing fee. Therefore, his Motion to proceed in forma pauperis is denied as moot (Doc. 2).

Dotson raises one claim against each Defendant. Other than attaching to the Complaint various state court criminal dockets and minute entries dating back to the early 1990s (some of which mention Judge Bates), Dotson does not identify in the Complaint any action by Judge Bates that forms the basis for his claim. Liberally construed, Dotson challenges the refusal to modify the terms of his detention at NOPH, where (except during five periods of conditional release) he has been held since 1992 after being found not guilty by reason of insanity to a charge of aggravated burglary.

Against NOPH, Dotson charges he received inadequate medical care and "N.O.P.H. failed to meet their standards for my admission, discharge procedings. fail to aide me in my health care, properly My health care is worst its ever been, bipolar exceding the max amount of medications, to control this order. Steaming from adual illness of Recovery. I allso have developed diabeties type two; high blood pressure. heart Problems, optical. Problems" (Doc. 1 at 5).

Finally, Dotson asserts "the State of Ohio is[] Liable for this action and they should take full Responsibility for this error" (*id.*).

Although this Court liberally construes a pro se complaint, such a complaint "must contain sufficient *factual matter*, accepted as true, to state a claim to relief that is plausible on its face." *Barnett v. Luttrell*, 414 F. App'x 784, 786 (6th Cir. 2011) (quoting *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009)). The complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A pro se complaint must give the defendant "fair notice" of the factual basis for the claims. *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 437 (6th Cir. 2008).

"Generally, a district court may not sua sponte dismiss a complaint where the filing fee has been paid unless the court gives the plaintiff the opportunity to amend the complaint." *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999) (per curiam). However, under Federal Civil Rule 12(b)(1), a district court may dismiss a complaint for lack of subject matter jurisdiction "when the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Id.* (citing *Hagans v. Lavine*, 415 U.S. 528, 536–37 (1974)). In such a case, the complaint lacks the "legal plausibility necessary to invoke federal subject matter jurisdiction." *Id.* at 480.

2

Dotson's claim against Judge Bates is frivolous. A judge is entitled to absolute immunity from liability based on actions he or she took in a judicial capacity. *Brookings v. Clunk*, 389 F.3d 614, 617 (6th Cir. 2004). Absolute judicial immunity does not apply to actions that are "nonjudicial" in nature or which were "taken in the complete absence of all jurisdiction." *Mireles v. Waco*, 502 U.S. 9, 11–12 (1991). Dotson alleges no facts at all with respect to Judge Bates, much less facts that would suggest an exception to the absolute-immunity rule.

Indeed, though the Complaint contains no reference to specific actions of Judge Bates, Dotson attaches to his Complaint various state-court dockets and minute entries. Only the minute entries mention Judge Bates. Judge Bates has periodically reviewed whether Dotson may be released from state psychiatric custody. Dotson asks this Court to (among other things) release him from NOPH custody. Therefore, to the extent Dotson seeks to hold Judge Bates liable for continued psychiatric detention, Judge Bates is absolutely immune to such a claim.

Dotson's claim against the State of Ohio is also frivolous. Absent abrogation or a waiver, "Eleventh Amendment immunity bars all suits, whether for injunctive, declaratory or monetary relief, against the state and its departments, by citizens of another state, foreigners or its own citizens." *McCormick v. Miami Univ.*, 693 F.3d 654, 661 (6th Cir. 2012) (quoting *Thiokol Corp. v. Dep't of Treasury*, 987 F.2d 376, 381 (6th Cir. 1993)). *See also Moss v. Columbus Bd. of Educ.*, 98 F. App'x 393, 395 (6th Cir. 2004) ("Ohio . . . enjoys immunity from suits brought in federal court under 42 U.S.C. §§1981, 1983, 1985, and 1986.").

Finally, Dotson has no plausible claim for a civil rights violation against NOPH. NOPH's liability for an alleged civil rights violation cannot be based on respondeat superior. *See, e.g., Terrance v. Northville Reg. Psych. Hosp.*, 286 F.3d 834, 847 (6th Cir. 2002). Even liberally

3

construed, the Complaint alleges no facts that suggest an NOPH policy or custom caused the alleged deprivation.

For these reasons, the Complaint (Doc. 1) is dismissed.

IT IS SO ORDERED.

                                          s/ *Jack Zouhary*
                                          JACK ZOUHARY
                                          U. S. DISTRICT JUDGE

                                          February 10, 2015